UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIKE MCKANE, | : | |
| | : | Civil Action No. 15-4769 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STEPHEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

IT APPEARING THAT:

1. On or about June 26, 2015, Petitioner filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction, and paid the appropriate filing fee. (ECF No. 1).

2. This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must "specify all the grounds for relief available to the petitioner[,] state the facts supporting each ground[,] . . . [and] be printed, typewritten, or legibly handwritten." Petitions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857

F.2d 923, 928 (3d Cir. 1988).

    4. In his petition, Petitioner seeks to raise the following four grounds:

        a. "The trial court denied petitioner his right to confront the state case against him and call a witness in his favor." (ECF No. 1 at 6

        b. "Trial counsel was ineffective for not subpoenaing officer Rosario as a defense witness." (ECF No. 1 at 8).

        c. "Petitioner was denied the right to take the stand." (ECF No. 1 at 9).

        d. "Petitioner was denied a fair trial when his trial lawyer failed to raise that he was incompetent to stand trial on appeal, [b]oth assign[ed] attorneys fail[ed] to raise the issue also after they all [were] made aware befor[e] the fact." (ECF No. 1 at 11).

    5. Petitioner provides no further factual support for the grounds he seeks to raise and does not attempt to provide context which would fairly put the State on notice as to the full nature of his claims. Although Petitioner notes that he intended to attach additional information to provide the facts and context for his claims (*See* ECF No. 1 at 6), Petitioner failed to attach that information to his petition. His petition therefore fails to "state the facts supporting each ground" as required by Rule 2.

    6. Petitioner has failed to provide sufficient facts to support the grounds for relief he asserts, and has not provided sufficient context for his allegations to enable Respondents to effectively answer his petition. As such, Petitioner has failed to provide anything more than vague and conclusory allegations, and the petition must therefore be summarily dismissed without prejudice. *See Anderson*, 82 F. App'x at 749; *Thomas*, 221 F.3d at 437; *Dawson*, 857 F.2d at

928.[1]

IT IS THEREFORE on this 6th day of July, 2015,

ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Petitioner is granted leave to amend his petition to provide sufficient factual and contextual support for his asserted grounds for relief within thirty (30) days of the date of this Order; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail and shall CLOSE the file.

    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

---

[1] This Court also notes that, per the petition, Petitioner apparently has a second PCR petition which is still before the state trial court and has yet to be decided. (ECF No. 1 at 13). In addition to being inadequately supported, certain of Petitioner's claims may therefore also be unexhausted until such time as the second PCR petition has run its course. As Petitioner has not requested a stay of his petition pending exhaustion, *see Rhines v. Weber*, 544 U.S. 269, 273-79 (2005), that issue is not before this Court and this Court does not address it.